### JONES *et al v.* NEWSOME.

GILBERT, J. The exception in this case is to a judgment sustaining a general demurrer to the petition. The petition sought injunction against the boxing and working of trees for turpentine purposes. The ground upon which injunction is sought is that the land was purchased with the proceeds of the sale of homestead property and that the plaintiffs, Josephine, C. G., and Lallie Jones, were beneficiaries and therefore owned an interest in said land. A. Jones, husband and father of petitioners, is not a party to the suit. The petition alleges that the defendant is operating under a lease from Josephine Jones to a larger tract of land which includes the tract in which the proceeds of the homestead had been invested. It expressly alleges that it is not sought to cancel the entire lease, but only as to that part of the land described which was purchased with the proceeds of the homestead. The homestead proceedings are attached to the petition, and show that the application was filed by the wife without alleging that the husband had failed or refused to apply for homestead. It appears from exhibits attached to the petition that the land purchased with the proceeds of the homestead was conveyed by warranty deed to the husband and father alone. *Held:*

1. The homestead proceedings were void because of the failure of the petition for homestead to allege that the husband and father had failed or refused to apply for the same.
2. The petition affirmatively shows that neither of the petitioners has any title to the land in question. It does not allege possession by petitioners, but on the contrary shows no right of possession by them.

Homesteads, 29 C. J. p. 816, n. 61.
Injunctions, 32 C. J. p. 326, n. 3.

3. The court did not err in sustaining the general demurrer and in dismissing the petition.　*Judgment affirmed.　All the Justices concur.*

No. 6043.　FEBRUARY 15, 1928.

Petition for injunction.　Before Judge Graham.　Treutlen superior court.　April 1, 1927.

*William B. Kent,* for plaintiffs.

*A. C. Saffold* and *Will Stallings,* for defendant.